GLENCOE LIME & CEMENT COMPANY, Appellant, v. CHARLES E. CLORE et al., Respondents.

St. Louis Court of Appeals, February 4, 1913.

1. **MECHANICS' LIENS: Action by Materialman: Necessity of Showing Privity with Owner.** In an action to enforce a mechanic's lien for material installed in a building, it was shown that the contract for the erection of the building was executed by one who described himself as owner, but there was nothing to connect the owner with the contract, beyond the testimony of such person that he acted as the owner's agent. *Held,* under the evidence, that the trial court had a right to disregard such testimony, and the effect of this would be to prevent the enforcement of the lien by the materialman, inasmuch as section 8212, Revised Statutes 1909, provides that, in order for a materialman to enforce a lien, he must show that the material was furnished by him under a contract with the owner, or his agent, trustee, contractor or subtractor.

2. **APPELLATE PRACTICE: Conclusiveness of Judgment.** In a case tried without a jury, where there are no findings of fact or declarations of law in the record, the judgment, if supported by substantial evidence, will not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm, Judge.*

AFFIRMED.

*Abbott & Edwards* for appellant.

*John Cashman* for respondents.

(1) This case was submitted to the trial court, "sitting as a jury," and a finding and judgment rendered upon conflicting evidence, on two principal contentions involved, that is: (a) That there never was any contract with the owner; (b) That the contract relied upon by plaintiff never became effective because never delivered. That judgment is conclusive upon this court. Parker v. Railroad, 154 Mo. App. 126; Heinz v. Railroad, 143 Mo. App. 38; Handlan v. Miller, 143 Mo. App. 101; Norris v. Railroad, 239 Mo. 695. (2) The petition alleges and the agreed facts are that Clore was the owner of the lot. The evidence shows no contract with him for the work. This is fatal to plaintiff's claim for a lien. Cement Co. v. Elser, 156 Mo. App. 291; Planing Mill Co. v. Brundage, 25 Mo. App. 268; Baker v. Berry, 8 Mo. App. 446.

ALLEN, J.—This is an action originally begun before a justice of the peace by plaintiff, Glencoe Lime & Cement Company, a corporation, appellant here, against Charles E. Clore, Hartshorn-Barber Realty & Building Company, a corporation, G. A. Wahl, W. A. Duncan, and The Savings Trust Company, a corporation, wherein it was sought to recover a general judgment in the sum of $61.88 against the Hartshorn- Barber Realty & Building Company, the alleged contractor for the erection of a certain building, for material

furnished by plaintiff for and upon said building, and to enforce a mechanic's lien against the building and the lot of ground upon which the same was situated.

In plaintiff's statement filed in the justice court, it is averred that defendant Clore was the owner of the lot, and that he entered into a contract with defendant Hartshorn-Barber Realty & Building Company, by which the latter agreed to erect for defendant Clore a certain building thereon; that thereafter, to-wit, during the period from March 17, 1910, to March 23, 1910, inclusive, at the instance and request of and under contract with defendant Hartshorn-Barber Realty & Building Company, plaintiff furnished to and for said building the materials described in its account filed with said statement.

Wahl and Duncan are made defendants because it is alleged that they claim an interest in the property by virtue of a deed of trust, and the defendant Savings Trust Company is alleged to have been the owner of one or more of the notes secured by said deed of trust.

The trial before the justice resulted in a judgment against defendant Hartshorn-Barber Realty & Building Company, in the sum of $64.40, and the same was adjudged a mechanic's lien against the building and lot mentioned. In due time the defendants, excepting the Hartshorn-Barber Realty & Building Company, perfected their appeal to the circuit court of the city of St. Louis, where the cause was tried before the court sitting as a jury, a jury having been theretofore waived. No declarations of law were given or requested, and the court rendered a judgment in favor of plaintiff and against the defendant Hartshorn-Barber Realty & Building Company for $66.38, without a lien upon any of the property above mentioned, and rendered judgment in favor of all of the other defendants. From this judgment plaintiff appeals to this court.

At the trial the parties stipulated that certain facts might be taken as true, among them that plaintiffs sold and delivered to defendant Hartshorn-Barber Realty & Building Company, at the latter's instance and request, the materials in question, at the time alleged by plaintiff; that the same were used in the building and were not paid for, and that the sum of $61.88 was due and payable to plaintiff from the Hartshorn-Barber Realty & Building Company; that defendant Clore was the owner of the premises in question and had been the owner thereof since October 13, 1909; that on January 15, 1910, defendant Clore executed and delivered to defendant Wahl, as trustee, a certain deed of trust for the benefit of defendant Duncan, recorded January 20, 1910; and that defendant Savings Trust Company was at the date of the trial the owner of all of the notes secured by said deed of trust.

The evidence disclosed that on the 14th day of March, 1910, a contract was entered into between defendant Hartshorn-Barber Realty & Building Company, on the one part, and W. A. Duncan Land & Real Estate Company, on the other, wherein the former was designated as the contractor and the latter as the owner, and wherein the former agreed to erect for the latter the building in question. This contract is signed by Hartshorn-Barber Realty & Bldg. Co., per Wm. J. Barber, Pres't., J. H. McClure, Sec'y., and by W. A. Duncan Land & R. E. Co., W. A. Duncan, Pres.

One clause of this contract provided that the contractor should furnish an approved surety company bond for not less than eleven hundred dollars, to guarantee the faithful performance of the work and to protect the owner against liens, claims, damage suits, etc.

It will be observed that this contract was not with defendant Clore, who admittedly was the owner of the premises, but with W. A. Duncan Land & R. E. Co. At that time the latter, according to the testimony of

defendant Duncan, who was called as a witness for plaintiff, was not a corporation, and he, Duncan, was "practically the whole thing." Duncan testified that in signing the instrument he was acting as agent for Chas. E. Clore. The evidence further showed that after the contract was signed, it was left by Duncan with one Chamblin, an architect, with instructions not to deliver it to the Hartshorn-Barber Realty & Building Company until the latter had procured the bond mentioned above. It appears, from all of the evidence relating thereto, that Chamblin was representing defendant Duncan, and that he delivered one copy of this contract to the Hartshorn-Barber Realty & Building Co. for their use in procuring the bond from the surety company. The bond was never given, but in the meantime work was begun upon the foundation of the building, and the materials in question were delivered to the building upon the order of the Hartshorn-Barber Realty & Building Company.

Appellants assert that the trial court committed errors in the admission and exclusion of evidence, but in the view that we take of the case it is unnecessary to notice them. Nor need we concern ourselves with the question as to whether or not this contract between Duncan and the Hartshorn-Barber Realty & Building Company was valid and binding until the bond in question had been procured by the latter company.

The record discloses no contract directly with Clore, admittedly the owner of the property, for the construction of the building in question. Under the statute relating to mechanic's liens the materials in question must have been furnished by plaintiff under and by virtue of a contract with the owner, or his agent, trustee, contractor or subcontractor, in order to entitle the plaintiff to a mechanic's lien. There was no contract shown directly between the owner and the Hartshorn-Barber Realty & Building Company.

It is insisted, however, that the contract of March 14, 1910, was executed by defendant Duncan as the agent of the owner Clore. As to this question, the record discloses no evidence whatsoever that Duncan was in fact the agent of Clore, beyond the testimony of Duncan himself, who merely stated that in signing this contract he acted only as the agent of Clore. The contract itself does not purport to have been entered into and executed by Duncan as agent of Clore or of any one else as owner, but on the other hand it is executed by the W. A. Duncan Land & Real Estate Company, and the latter is therein described as the owner. Clore did not testify at the trial, and there was no evidence to connect him with this contract beyond the bare statement of Duncan that the latter was acting as agent for him. The question of whether Duncan was authorized to and did represent and act for Clore, the owner, lies upon the foundation of plaintiff's case. In the state of the record it is impossible for us to tell upon what theory the trial court decided the case, but under the evidence the court might well have found this issue in favor of defendants, and its finding is conclusive upon us. [Gannon v. Gas Co., 145 Mo. 502, 46 S. W. 968.]

It is not necessary to discuss other points raised by counsel in their briefs and argument. No finding of fact or declarations of law appearing in the record, and there being substantial evidence to support the judgment, the latter cannot be disturbed on appeal.

The judgment of the circuit court is affirmed. *Reynolds, P. J.*, and *Nortoni, J.*, concur.